**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4912**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LESTER FLETCHER, a/k/a Big Mann,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Peter J. Messitte, District Judge. (8:05-
cr-00179-PJM)

_____

Submitted: June 6, 2007          Decided: July 9, 2007

_____

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Fred Warren Bennett, BENNETT & BAIR, L.L.P., Greenbelt, Maryland,
for Appellant. Rod J. Rosenstein, United States Attorney, David I.
Salem, Gina Simms, Assistant United States Attorneys, Greenbelt,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lester Lee Fletcher was convicted after a jury trial of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000) ("Count One"); possession with intent to distribute cocaine or cocaine base, in violation of 18 U.S.C. § 2 (2000) and 21 U.S.C. § 841 (2000); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2000), and money laundering, in violation of 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i) (2000). Fletcher was sentenced to life in prison on Count One, 120-months on each of the possession counts, and 240-months on each of the remaining counts, all to run concurrently. On appeal, Fletcher argues the district court: (i) erred in denying his motion to suppress evidence seized as a result of the traffic stops involving Brenda Fletcher; (ii) denied him his Sixth Amendment right to compulsory process by refusing to issue writs compelling his co-defendants' testimony at the suppression hearing; (iii) erred by refusing to issue a multiple conspiracy instruction to the jury on Count One; and (iv) denied him due process by using a preponderance of the evidence standard to determine his base offense level under the U.S. Sentencing Guidelines. We affirm Fletcher's convictions and sentence.

We conclude the district court correctly denied Fletcher's motion to suppress. The district court correctly found

Fletcher lacked standing to assert an expectation of privacy in the first vehicle stopped by police because he did not establish a property or possessory interest in the Mercedes driven by Brenda Fletcher. See Rakas v. Illinois, 439 U.S. 128, 148 (1978).

Even if Fletcher did have standing to assert an expectation of privacy in the Mercedes, the court correctly found the searches were lawful. Police listened to a wiretap on Fletcher's cell phone for some time and knew he was involved in significant drug trafficking. On the day of the traffic stop, police overheard Fletcher instruct an acquaintance to dispose of a weapon that was used in a shooting the previous evening. When a Mercedes was seen leaving the acquaintance's location only moments after the instruction was given, we find it was reasonable for police to believe that the gun was located in the Mercedes and was about to be transported for disposal. Accordingly, these circumstances were sufficient to cause a reasonable person to believe that "criminal activity was afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000).

Since Fletcher's only challenge to the lawfulness of Brenda Fletcher's second traffic stop is dependent upon the lawfulness of the first traffic stop, we conclude the second stop of Brenda Fletcher--when police knew she was driving on a suspended license--was lawful as well. Accordingly, we find the district

court correctly denied Fletcher's motion to suppress evidence seized from the traffic stops.

Fletcher also argues the district court erred in refusing to issue writs compelling his co-defendants' testimony at the suppression hearing because Fletcher needed their testimony to establish the co-defendants' signed statements were not obtained by undue influence. Fletcher's argument that the district court erred in refusing to issue writs compelling his co-defendants' testimony at the suppression hearing is meritless.

First, Fletcher never informed the district court he needed his co-defendants to testify to establish the statements were not obtained by undue influence. Rather, Fletcher only informed the district court he wanted his co-defendants to testify that their signatures were authentic. At the suppression hearing, however, the Government stipulated that the signatures were authentic, thereby rendering Fletcher's motion moot. Cf. United States v. Espinoza, 641 F.2d 153, 159 (4th Cir. 1981) (holding that a district court does not abuse its discretion in failing to grant a defendant's request to subpoena witnesses whose testimony would merely be cumulative); United States v. Bales, 813 F.2d 1289, 1296 (4th Cir. 1987) (upholding district court's refusal to issue writ compelling trial testimony where witness was already questioned by defense counsel during suppression hearing). Moreover, because Fletcher did not raise the undue influence argument before the

district court, he may not do so for the first time on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

In any event, the district court made clear to Fletcher's counsel it would not issue writs for the co-defendants' testimony unless Fletcher's counsel could represent that the witnesses were not going to invoke their Fifth Amendment right against self-incrimination if brought in to testify. Because Fletcher's counsel had not obtained assurances from the co-defendants' attorneys that their clients would not invoke the Fifth Amendment, the district court refused to issue writs compelling the witnesses' testimony. Since Fletcher failed to establish his co-defendants would give testimony "both material and favorable to his defense," see United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982), we conclude the district court correctly denied Fletcher's motion to issue the writs.

We also conclude Fletcher was not entitled to a multiple conspiracy instruction. A multiple conspiracy charge is required only when "the proof at trial demonstrates that [the defendants were] involved *only* in separate conspiracies *unrelated* to the overall conspiracy charged in the indictment." United States v. Squillacote, 221 F.3d 542, 574 (4th Cir. 2000) (emphasis in original). "A single conspiracy exists where there is one overall agreement, or one general business venture. Whether there is a single conspiracy or multiple conspiracies depends upon the overlap

of key actors, methods, and goals." <u>United States v. Leavis</u>, 853 F.2d 215, 218 (4th Cir. 1988) (internal citations and quotation marks omitted). Since the evidence at trial established Fletcher continued on in the drug distribution conspiracy even after he sold the house and "business" to his nephew, we conclude the district court properly denied Fletcher's request for a multiple conspiracy instruction. <u>See</u> <u>Squillacote</u>, 221 F.3d at 574-75.

Finally, Fletcher argues the district court denied him due process of law when it adopted the factual findings regarding drug quantity outlined in Fletcher's presentence investigation report utilizing a "preponderance of the evidence" standard. Contrary to Fletcher's argument, even after <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court may properly make factual findings concerning sentencing factors by a preponderance of the evidence. <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). Fletcher does not otherwise argue his sentence is unreasonable.

Accordingly, we affirm Fletcher's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>